The opinion of the court was delivered by
Egan, J.
On the fourteenth of February, 1877, the relator in the first and plaintiff in the second action sold to James P. Bowman the Hazelwood plantation, in the parish of West Feliciana, for $6500, payable in three annual installments, and retained in the same act a mortgage to secure the price. She caused a certified copy of the act of sale and mortgage, which had been passed before a notary in New Orleans, to be sent to,the recorder of the parish where the land lay for registry. It was received by him on the seventh .of March, 1877, and indorsed " filed *834 *for record on the seventh of March, A. D. 1877, and truly recorded same' date in notarial record book R, pages 434 and 435, and in mortgage book H., pages 149 and 150, July 5,1877.” Subsequent to the registry of the-act in the book of conveyances, but prior to its registry in the book of mortgages, the land was seized under fieri facias at the instance of creditors of the vendee, Bowman. Whereupon the vendor, Mrs. Sloeomb, sued out a mandamus to compel the recorder to register her mortgage as of the date of the filing of the paper in the recorder’s office, to wit, March 7,1877, and to give it rank accordingly. She also sued out an injunction to stay the sale until the question of her rank and rights could be adjudicated, and prays that her mortgage may be decreed to have been “ virtually and legally transcribed in the mortgage records of the parish where the land lay from the date of filing of the act in the recorder’s office, seventh of March, 1877, and that it take effect on the property sold from date ; that her mortgage be deemed superior to the rights of the seizing creditor and the proceeds distributed accordingly; and that the recorder be required to make out for the purposes of the sheriff’s sale a certificate giving her mortgage the rank so claimed for it.”
The view we take of the matter in controversy makes it immaterial in this inquiry whether, as stated by the recorder, he was instructed by plaintiff’s attorney to record the act in the book of conveyances specially without any instructions as to registry in the mortgage-book, or whether,, as stated by the counsel, the instructions were general and simply to record the act, presuming that the recorder knew his duty and would record it both in the book of conveyances and of mortgages. Eor the same reason, it is unnecessary to consider a bill of exceptions taken to the reception of parol evidence of the contents of the lost letter of instructions accompanying the act. So far as relates to the mandamus case, we may as well now remark also that the exception to the reception of evidence of the existence of other judgment and mortgage creditors was not well taken. In a proceeding which would so materially affect their rights and rank if successful, they were necessary parties, and the evidence was properly admitted to show that in this proceeding the recorder could not be compelled to disregard the registered rights of others not parties to the proceeding, or to give on the books of his office now a priority to the relator’s mortgage over them. See 6 R. 299: 8 R. 97; Young & Wann vs. Hays, Recorder, 14 An. 654. The real and only question at issue here is whether or not the filing of the act of mortgage in the recorder’s office has the same effect as the transcribing or recording of the act in the book of mortgages. We have been referred to the case of Payne vs. Pavey, 29 An. 116, decided by us at the last term in New Orleans, as conclusive of the question. That case only *835 determined the effect of the filing of a conveyance of lands in the office of registry, and it was correctly held under the positive and unequivocal provisions of the Civil Code that the conveyance took effect as to third persons from the date of filing in the proper office, although not actually recorded or transcribed in the boóks until long afterward, and we expressly declined in that case to express any opinion as to whether the same rule prevailed in regard to mortgages. It may be, and indeed is, argued that there is no good reason for a distinction, and that the same rules should apply to both. In the Pavey case we said what we have now occasion to repeat, that " the laws of registry are arbitrary,”' and that in many cases this court has considered itself bound to refuse relief, because “ ita lex scripta est.” However arbitrary the distinction may seem, and in fact is, the provisions of the law in regard to the time from which sales and mortgages shall take effect against third persons are essentially different. As we held in the-Pavey case, conveyances take effect against third persons by the positive and express terms of the law from the time they are deposited and filed for registry in the proper-office. In regard to mortgages which are siricti juris on the other hand,, the Oivil Code, art. 3329, provides in express terms that “ among creditors the mortgage whether conventional, legal, or judicial, has force only from the time of recording it in the manner hereafter directed;” article-3342, that these mortgages are only allowed to prejudice third persons-when they have been publicly inscribed on records kept for that purpose* and in the manner hereafter directed;” article 3345, that “ all mortgages* whether conventional, legal, or judicial, are required to be recorded in the manner hereafter provided;” and article 3348, that "any person entitled to a mortgage or privilege on the property of another person’ must cause. the evidence of such mortgage or privilege to be recorded in the mortgage book of the parish where the property is situated.” We here find not that mortgages like conveyances take effect from the time they are deposited or filed in the proper office, but only from “the time they are” actually “ inscribed” “ on records kept for that purpose,” and that the recording must be in the mortgage-book of the parish where the property is situated;” and so it has often .been held that the registry of a mortgage in the book of conveyances though in the proper office is insufficient and without effect as to- third' persons, the only exception being where it appears that only one book of record is kept, in which both sales and mortgages are registered indifferently. See 5 An. 154; 16 An. 435; 24 An. 78, and authorities cited.
In the 16th An. case, Carpenter vs. Allen, Judge Merrick said; “A mortgage is a real right, a jus in re, which in general, so far as third persons are concerned, can only be created by an observance of the forms of law.” In Taylor vs. Hotchkiss, 2 An. 917, it was held that a legal *836 registry alone gives effect to the mortgage as to third persons,' as to whom it is valid not as executed between the parties, but as recorded. For any error in the registry the mortgagee must suffer, saving his recourse against the recorder. See, also, Walden vs. Grant, 8 N. S. 570. Again, it has been held that the remedy of the creditor who loses his rights for want of a proper inscription is against the officer in damages. His fault or fraud can not be visited upon the public. 4 R. 5; 2 An. 606, 800; 5 An. 632. In White vs. the Union Bank, 6 An. 162, and LeFlore vs. Carson, 7 An. 65, it was expressly held that it is not enough for one holding an act giving a privilege to deposit it with the proper officer to be recorded; he must see that it is done, or he will lose his privilege. In the '6th An. case, of White vs. Union Bank, Judge Slidell, as organ of the court, said: “We have been invited by appellant’s counsel to reconsider the opinions given in Ells vs. Sims and Perot vs. Chambers, 2 An. 253 and 801 (cases of imperfect or irregular registry held bad), and this mainly upon the ground of the strong equity of a vendor to show the price of the thing sold has not been paid. We have duly considered the arguments of counsel, and have not been able to reconcile a departure from those decisions with the express requisitions of the Code, nor to distinguish the facts of this cause from those of the cases referred to. It is the privilege of the vendor which Merrill claims; and we could not have decided the cases referred to in favor of such a claimant without expunging from the Code the article 3238, which declares that the vendor of an immovable or slave only preserves his privilege on the object when he has caused his act of sale to be duly recorded at the office for recording mortgages in the manner thereinafter directed.” The same provision is contained in art. 3271 of the B. C. C. of 1870 as to the vend- or’s privilege upon immovable property whatever may he the amount due him on the sale. And by articles 3273 and 3274 “ privileges are only valid against third.persons from the date of the recording of the act or evidence of indebtedness as provided by law” and “ no privilege shall have effect against third persons unless recorded in the manner required by law in the parish where the property is situated.” In the Union Bank case, just quoted, Judge Slidell further says: “It is contended that a party holding a deed of mortgage or act from which a privilege results, has done all that the law requires of him to preserve his rights when he has deposited the act for record in the proper office and with the proper •officer. But this proposition is inconsistent with the article 3238, which requires the creditor to cause his • privilege to be duly recorded. Supposing a prior and a subsequent mortgagee to be both innocent parties upon one of whom the negligence of the public officer must fall, it is more equitable that they should be borne by the former than the latter; because by diligence he could have assured himself that the mortgage *837 was inscribed; whereas, the second mortgagee has in general nothing to rely upon but the officer’s certificate of freedom from incumbrance.” In th.e 7th An. case of LeFlore vs. Carson, p. 67, the court through the same organ, Judge Slidell, re-affirms the doctrine in White vs. Union Bank, 6 An., from which we have so freely quoted. In view of the authorities cited and of the textual previsions of the Civil Code we áre of opinion that Mrs. Slocomb’s privilege and mortgage was not preserved as against the seizing creditor or others of prior registry, and that she can neither successfully assert its superiority .over them nor compel the recorder to give to her mortgage any other place or date upon the books of his office than it now holds. It may not be amiss to remark, also, that even according to the statement of her own attorney he gave no specific instructions to record the mortgage in the proper book or to record the instrument as a mortgage, and it is shown by the evidence that neither he nor any one else ever paid or offered to pay the fees for such registry until the time when the mortgage was actually inscribed. We think this a proper case to. apply the rule laid down by Judge Slidell in the cases cited, and with him we may say that if the plaintiff is unpaid the resolutory condition remains to her. The provision of articles 2264 and 2266 C. G under the general head of registry of conventional obligations can not control the specific provisions under that head in regard to the registry of mortgages and privileges which we have quoted.
It is therefore ordered, adjudged, and decreed that the judgments appealed from which denied the mandamus and dissolved the injunction be and they are affirmed with costs of appeal.